**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JANICE NASH,

      Plaintiff-Appellant,

v.

THE UNIVERSITY OF KANSAS
MEDICAL CENTER,

      Defendant-Appellee.

No. 98-3155
(D.C. No. 97-CV-2285)
(D. Kan.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BALDOCK** , and **HENRY** , Circuit Judges.

---

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Janice Nash, appearing pro se, appeals the district court's dismissal of her complaint alleging that her employer, the defendant University of Kansas Medical Center (UKMC), discriminated against her on the basis of her race in violation of 42 U.S.C. §§ 2000e through 2000e-17 (Title VII), unlawfully retaliated against her in violation of Title VII, and constructively discharged her. The district court granted summary judgment in favor of defendant. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Ms. Nash was employed by UKMC as an operating room technician from December 1990 until she resigned in June 1996. She alleged UKMC took numerous discriminatory actions against her from the start of her employment until the spring of 1992. Specifically, Ms. Nash alleged UKMC failed to give her raises corresponding to her satisfactory evaluations and gave her undesirable work assignments. Ms. Nash alleges that after she complained of these acts of discrimination, her supervisors retaliated against her by denying her work assignment and schedule requests, refusing to let her transfer to another department, denying her application to the UKMC nursing school, and denying her requested sick leave. Ms. Nash also alleges a shift supervisor broke into her locker and stole some of her personal belongings in retaliation for Ms. Nash's complaints of racial discrimination. Ms. Nash resigned from UKMC in June

1996, after her request to be relieved from a weekend work assignment was denied.

Ms. Nash filed a claim against UKMC for racial discrimination with the Equal Employment Opportunity Commission (EEOC) on January 14, 1995. After the EEOC dismissed her claim, Ms. Nash filed her complaint in federal district court. In a thorough and well-reasoned order, the district court held that UKMC was entitled to judgment as a matter of law. The court held that Ms. Nash was barred from asserting her Title VII claim because all of the alleged discriminatory and retaliatory actions, except one, occurred more than 300 days prior to the date Ms. Nash filed her EEOC claim. The only action that occurred within the 300-day limitations period was the theft of personal items from Ms. Nash's locker. The district court held the locker incident was not an adverse employment action by UKMC, nor had plaintiff presented any evidence to support an inference that the theft was causally linked to any of Ms. Nash's complaints about discrimination.

We review the grant of summary judgment de novo and apply the same standard as did the district court. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir.1996). Summary judgment is appropriate if there is no genuine issue as to any material fact and the defendant is entitled to judgment as a matter of law. See id. In determining whether there is a genuine issue as to any material fact, "we

examine the factual record and reasonable inferences therefrom in the light most favorable to [plaintiff]." Id. (quotations omitted).

Timely filing is a prerequisite to an employment discrimination civil suit under Title VII. See Martin v. Nannie & the Newborns, Inc., 3 F.3d 1410, 1414 (10th Cir. 1993). In Kansas, a plaintiff must file Title VII discrimination charges within 300 days after the alleged discriminatory act occurred. See 42 U.S.C. § 2000e-5(e)(1). [1] We have carefully reviewed the record and find that the district court correctly held that, with one exception, all of the alleged discriminatory and retaliatory actions occurred prior to the 300-day limitations period.

"We have held that a Title VII plaintiff may recover for discriminatory acts occurring prior to the statutory limitations period if at least one instance of the discriminatory practice occurs within the [300-day limitations] period and the earlier acts are 'part of a continuing policy or practice that includes the act or acts within the statutory period.'" Mascheroni v. Board of Regents of the Univ. of Calif., 28 F.3d 1554, 1561 (10th Cir. 1994) (quoting Martin, 3 F.3d at 1415). Here, the only incident alleged to have occurred within the limitations period was the theft of Ms. Nash's personal items by a shift supervisor. We agree with the district court that Ms. Nash did not present any evidence that the locker incident

---

[1] The 300-day limitation applies in those states such as Kansas that have statutorily prohibited discrimination; otherwise, the limit is 180 days. See Martin, 3 F.3d at 1414 n. 4.

was causally linked to her protected activity under Title VII, nor does the incident constitute an "adverse employment action" such that it can be considered an unlawful retaliatory action under Title VII.    See Sanchez v. Denver Pub. Schs. , No. 97-1120, 1998 WL 909893, at *3-4 (10th Cir. Dec. 31, 1998) (describing elements of a prima facie Title VII retaliation claim and defining "adverse employment action").  Therefore, Ms. Nash failed to show a continuing violation that includes at least one act of discrimination or retaliation within the time allowed for suit.  The district court correctly held that her Title VII discrimination claim, based on incidents occurring prior to the relevant filing period, is time barred.  Ms. Nash complains of other incidents of alleged retaliation which she claims occurred after the 300-day limitations period; however, these incidents were not presented as evidence before the district court and cannot be considered on appeal.

The judgment of the United States District Court for the District of Kansas is AFFIRMED for substantially the reasons set forth in the district court's order dated April 13, 1998.

Entered for the Court

John C. Porfilio
Circuit Judge